```
                   UNITED STATES DISTRICT COURT
                    DISTRICT OF MASSACHUSETTS
_____
                                    )
KEVIN BENNER,                       )
        Plaintiff,                  )
                                    )
v.                                  )  Civil Action No.
                                    )  21-12080-WGY
NELSON ALVES, SANDRA CHARLES,       )
EMILY HOFFMAN, SARA THOMPSON,       )
WELLPATH, "JOHN DOE" (DIRECTOR OF   )
 CLASSIFICATION - MCI CEDAR         )
JUNCTION), JAMIE CAMPBELL(DIRECTOR  )
OF CLASSIFICATION MCI- NORFOLK),    )
ABBE NELLIGAN (DIRECTOR OF          )
CLASSIFICATION – CENTRAL), OFFICER  )
CLANCY (DIRECTOR OF DISCIPLINARY    )
BOARD – MCI NORFOLK), VANESSA       )
RATTIGAN, DR. CHIDRI ACHEBE,        )
"JOHN DOE" DEPARTMENT OF            )
CORRECTIONS, AMD "JOHN DOE"         )
DEPARTMENT OF CORRECTIONS           )
LEGAL DEPARTMENT,                   )
        Defendants.                 )
_____)
```

                                ORDER

YOUNG, D.J.                                      January 25, 2022

Pro se plaintiff Kevin Benner ("Benner"), a prisoner in custody at MCI-Norfolk, filed this action on December 27, 2021. Benner's complaint did not include a filing fee or request to proceed in forma pauperis. On December 28, 2021, the Court issued a procedural order to resolve the filing fee. Procedural Order, ECF No. 3. On January 14, 2022, Benner wrote to the Court correcting a defendant's name, and indicating that he

intended to pay the filing fee, which was received on January 18, 2022. Letter, ECF No. 4 and Receipt, ECF No. 5.

Even though Benner has paid the $402 filing and administrative fee, the complaint is subject to screening under 28 U.S.C. § 1915A because he is a prisoner.[1]  Section 1915A requires a Court to "dismiss the complaint or any portion of the complaint" in an action where a prisoner seeks "redress against a governmental entity or officer or employee that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. §1915A.  In conducting this review, the Court liberally construes Benner's complaint because he is proceeding pro se.  Hughes v. Rowe, 449 U.S. 5, 9 (1980); Haines v. Kerner, 404 U.S. 519, 520 (1972); Instituto de Educacion Universal Corp. v. U.S. Dept. of Education, 209 F.3d 18, 23 (1st Cir. 2000).  Pursuant to that screening, Benner shall by **February 25, 2022** file an amended complaint that cures the defects in paragraphs A – E below.  The Amended Complaint will be further screened.  Failure to comply with this Order will likely result in dismissal of this action.

---

[1] Benner is aware of the in forma pauperis process and screening process under 28 U.S.C. §1915A, inasmuch as he has a separate pending proceeding in this district.  See Benner v. DeMoura, Civ No. 20-12269-ADB, Memorandum and Order, ECF No. 8.

2

A. The Complaint Documents Fail to Comply with the Basic Pleading Requirements of the Federal Rules of Civil Procedure.

Although Benner is proceeding pro se, and the complaint documents are somewhat understandable, they fail to comply with the basic pleading requirements of the Federal Rules of Civil Procedure.  Under the Rules, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief,"  Fed. R. Civ. P. 8(a)(2) (emphasis supplied), and "'give [each] defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957).  That is, a "complaint should at least set forth minimal facts as to who did what to whom, when, where, and why—although why, when why means the actor's state of mind, can be averred generally." Educadores Puertorriqueños en Acción v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004).  The claims must be "set forth in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).  Because it promotes clarity, "each claim founded on a separate transaction or occurrence. . . must be stated in a separate count." Id.  In essence, the complaint must succinctly set forth as to each defendant what he claims they did (or failed to do), where it occurred, when it occurred, and the relief he seeks as to each

defendant.  Put another way, a complaint must clearly identify the claims and relief Benner seeks as to <u>each</u> defendant, and provide sufficient factual bases for each of the elements of the claims that he asserts.  The caption must identify all defendants. Fed. R. Civ. P. 10(a).

Here, Benner's complaint consists of four documents.  The first document is an AO Form Pro Se "Complaint and Request for Injunction" (ECF No. 1).[2]  The second document is a handwritten

---

[2] In the complaint documents, Benner references seeking a "TRO to be placed immediately transferred to the Shattuck Medical Ward for Treatment and Diagnosis." ECF 1 5  He also seeks a "TRO" for Walpole medical staff and certain defendants to not treat him, ECF 1 3.  To the extent that Benner seeks preliminary injunctive relief or a temporary restraining order in this action pursuant to Federal Rule Civil Procedure 65(a), he must file a separate and properly supported motion. <u>See</u> Local Rule 7.1.  To be clear, a temporary restraining order ("TRO") is an extraordinary order issued without notice to the party to be enjoined that may last no more than 14 days. Fed R. Civ. P. 65(b)(2). A TRO may issue without notice only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). Even where a plaintiff makes a showing of "immediate and irreparable" injury, the court cannot issue a TRO without notice to the adverse parties unless the plaintiff "certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B).
   Here, even if <u>arguendo</u> Benner could make a showing of immediate and irreparable injury on the documents filed, there is no certification in writing of any effort Benner has made to provide at least informal notice to the defendants and no details as to the reasons why such notice should not be required in view of an immediate and irreparable need for injunctive relief. <u>See</u> Fed. R. Civ P. 65(a)(1).
   In addition to notice to the adverse party, a motion for injunctive relief must be accompanied by a memorandum in support

document entitled "Civil and Criminal Complaint, and Complaint and Request for injunction", ECF No. 1-1 (hereinafter "Compl."). The third and fourth documents appear to be supporting affidavits (ECF Nos. 1-2 and 1-3).

Construing the complaint documents together, the action appears to seek compensatory and injunctive relief against 13 defendants: (1) Nelson Alves, (Superintendent MCI-Norfolk), (2) Sandra Charles, (3) Emily Hoffman, (4) Sara Thompson, (5) Wellpath, (6) "John Doe" (Director of Classification - MCI Cedar Junction), (7) Jamie Casella (Director of Classification MCI-Norfolk), (8) Abbe Nelligan (Director of Classification – Central), (9) Officer Clancy (Director of Disciplinary Board – MCI Norfolk), (10) Vanessa Rattigan, (11) Dr. Chidri Achebe, (12) "John Doe" Department of Corrections, (13) "John Doe" Department of Corrections Legal Department.  Compl. ¶¶ 2 – 14. Benner asserts federal question jurisdiction under 42 U.S.C §1983.  Compl. ¶¶ 15-16.  The complaint alleges that Benner is seeking claims against the defendants in their professional and individual capacities.  Compl. ¶19.  Broadly, Benner appears to

---

addressing the four requirements for injunctive relief: "(1) a substantial likelihood of success on the merits, (2) a significant risk of irreparable harm if the injunction is withheld, (3) a favorable balance of hardships, and (4) a fit (or lack of friction) between the injunction and the public interest." Nieves-Marquez v. Puerto Rico, 353 F. 3d 108, 120 (1st Cir. 2003).

be claiming constitutionally inadequate medical treatment, retaliation for filing grievances, and unconstitutional disciplinary processes.  While the complaint makes some specific allegations, most of the allegations are conclusory, disjointed and sprinkled among the four separate documents.  Accordingly, to the extent Benner wishes to proceed with this action, he must file a single, stand-alone amended complaint that complies with the basic pleading requirements of the Federal Rules of Civil Procedure.

> B. Official Capacity Monetary Damages Claims Barred By Eleventh Amendment Sovereign Immunity

"Section 1983 supplies a private right of action against a person who, under color of state law, deprives another of rights secured by the Constitution or by federal law." Jarvis v. Vill. Gun Shop, Inc., 805 F.3d 1, 7 (1st Cir. 2015) (quoting Redondo-Borges v. U.S. Dep't of Hous. & Urban Dev., 421 F.3d 1, 7 (1st Cir.2005)).  Under the Eleventh Amendment to the Constitution, "[s]tates and their agencies are entitled to sovereign immunity 'regardless of the relief sought.'" Poirier v. Massachusetts Dept. of Correction, 558 F.3d 92, 97 (1st Cir. 2009) (quoting Kentucky v. Graham, 473 U.S. 159, 167 n. 14, 105 S.Ct. 3099 (1985)); Cavitt v. MDOC, CV 19-12479-NMG, 2020 WL 8970663, at *1 (D. Mass. Mar. 12, 2020).  Furthermore, "[a]bsent an explicit waiver from the state, the Eleventh Amendment bars official

capacity suits against state actors in federal court unless the suit seeks prospective injunctive relief." Caisse v. DuBois, 346 F.3d 213, 218 (1st Cir. 2003).  They are also not "persons" within the meaning of § 1983 for monetary damages.  See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989).  To the extent that Benner seeks monetary damages against the Commonwealth or state officials acting in their official capacity pursuant to 28 U.S.C. §1983, such claims fail to state a claim upon which relief can be granted and are subject to dismissal.

    C. Impermissible Joinder of Claims

Benner appears to bring separate claims against separate sets of defendants.  While Rule 18(a) of the Federal Rules of Civil Procedure permits Benner "to bring multiple claims against a defendant in a single action . . . it does not permit the joinder of unrelated claims against different defendants." Chase v. Chafee, No. CA 11-586ML, 2011 WL 6826504, at *2 (D.R.I. Dec. 9, 2011) (emphasis added), report and recommendation adopted, No. CA 11-586 ML, 2011 WL 6826629 (D.R.I. Dec. 28, 2011); see Spencer v. Bender, No. CA 08-11528-RGS; 2010 WL 1740957 at *2 (D. Mass. April 28, 2010) (citing George v. Smith, 507 F.3d 605, 607 (7th Cir.2007)).  Instead, Rule 20 of the Federal Rules of Civil Procedure provides separate defendants "may be joined in

one action as defendants if. . . any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and . . . any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2)(emphasis added).  Another reason that this type of pleading is not acceptable is because it might be an attempt to avoid the imposition of separate filing fees.  See Spencer v. Bender, No. CA 08-11528-RGS; 2010 WL 1740957.  Here, Benner's complaint lumps all of the alleged acts of the defendants into one overarching claim of general mistreatment.  The Court broadly divides these claims into the medical claims, disciplinary claims, and classification claims.  See Compl. ¶¶ 27-32.  While there might be overlap with some of the parties and claims, Benner is cautioned that it is impermissible to bring multiple actions against unrelated defendants in a single lawsuit.

> D. Classification Claims Premised on Due Process Are Subject to Dismissal

Benner claims that his due process rights were violated when he was allegedly mis-classified by classification personnel under state regulations, implying that he has a liberty interest in the classification process.  A liberty interest is infringed only if the action imposes an "atypical and significant hardship

8

on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). "It is well established that the Constitution does not guarantee that a 'prisoner will be placed in any particular prison.'" Schofield v. Clarke, 769 F. Supp. 2d 42, 49 (D. Mass. 2011) (quoting Gonzalez-Fuentes v. Molina, 607 F.3d 864, 887 (1st Cir.2010)). "Moreover, an inmate does not possess a protected liberty interest in preventing a transfer to a more restrictive form of confinement." Id. (citing Sandin, 515 U.S. 472, 484 (1995); Dominique v. Weld, 73 F.3d 1156, 1160-61 (1st Cir.1996)). Although the First Circuit has not decided the issue, the "Massachusetts state regulations regarding classification and transfer [of prisoners] do not expressly create a liberty interest." Riley v. O'Brien, No. CV 16-11064-LTS, 2016 WL 8679258, at *7 (D. Mass. Sept. 2, 2016) (citing 103 C.M.R. § 420.01). Benner's due process claim that he was improperly classified under the DOC's classification regulations does not rise to a liberty interest, and therefore, fails to state a claim upon which relief can be granted as to defendants John Doe, (Director of MCI Cedar Junction Classification), Casella and Nelligan. See Forbes v. Wall, No. CA 14-322-ML, 2014 WL 4997289, at *3 (D.R.I. Oct. 7, 2014) (dismissing complaint sua sponte against classification board and classification director where no liberty interest invoked by classification under Rhode

9

Island law).  Accordingly, Benner's due process claims relating to classification are subject to dismissal.

    E. Benner Has No Justiciable Interest in Criminal Proceedings or Discipline Against Defendants

Benner's request for this Court to institute criminal proceedings, terminate or discipline prison workers fail to state a claim upon which may be granted.  First, Benner, as "a private citizen[,] has no authority to initiate a federal criminal prosecution." Cok v. Costentino, 876 F.2d 1, 2 (1st Cir. 1989) (per curiam).  Indeed, "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973).  Similarly, he lacks an interest in the termination or discipline of state prison personnel.  See Mason v. Besse, 3:20CV246(KAD), 2021 WL 1248388, at *6 (D. Conn. Apr. 5, 2021) (denying injunctive relief of demotion because "a plaintiff has no right to have a defendant punished or disciplined.").  Accordingly, Benner's claims seeking criminal prosecution and discipline of prison employees or contractors is subject to dismissal.

**So Ordered.**

                                                  /s/ William G. Young
                                                  WILLIAM G. YOUNG
                                                  United States District Judge