```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
_____
                                    )
KEVIN BENNER,                       )
          Plaintiff,                )
                                    )
v.                                  )   Civil Action No.
                                    )   21-12080-WGY
NELSON ALVES, JODI HOCKERT-LOTZ,    )
DR. CHIDRI ACHEBE, EMILY HOFFMAN,   )
SARA THOMPSON, and WELLPATH,        )
          Defendants.               )
_____)
```

ORDER

YOUNG, D.J.                                          June 15, 2022

  Pro se plaintiff Kevin Benner ("Benner"), a prisoner in custody at MCI-Norfolk, filed this action on December 27, 2021. After this Court initially screened the complaint pursuant to 28 U.S.C. § 1915A, he has timely filed an Amended Complaint.

  Even though Benner has paid the $402 filing and administrative fee, the Amended Complaint is subject to screening under 28 U.S.C. § 1915A. Section 1915A requires a Court to "dismiss the complaint or any portion of the complaint" in an action where a prisoner seeks "redress against a governmental entity or officer or employee that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." Id. In conducting this review, the Court liberally construes Benner's complaint because he is proceeding

pro se.  Hughes v. Rowe, 449 U.S. 5, 9 (1980); Haines v. Kerner, 404 U.S. 519, 520 (1972); Instituto de Educacion Universal Corp. v. U.S. Dept. of Education, 209 F.3d 18, 23 (1st Cir. 2000). Pursuant to 28 U.S.C. § 1915A, the Court screens the complaint and with those qualification issues summonses.

First, only the above captioned defendants who are identified in the amended complaint are parties.  All parties not identified in the Amended Complaint (and as now set forth in the caption of this Order), but that were identified in the original complaint are DISMISSSED without prejudice.

Second, to the extent that Benner seeks official capacity monetary damages claims against any defendant pursuant to 42 U.S.C. § 1983, such claims are DISMISSED.  "Section 1983 supplies a private right of action against a person who, under color of state law, deprives another of rights secured by the Constitution or by federal law." Jarvis v. Vill. Gun Shop, Inc., 805 F.3d 1, 7 (1st Cir. 2015) (quoting Redondo-Borges v. U.S. Dep't of Hous. & Urban Dev., 421 F.3d 1, 7 (1st Cir.2005)). Under the Eleventh Amendment to the Constitution, "[s]tates and their agencies are entitled to sovereign immunity 'regardless of the relief sought.'" Poirier v. Massachusetts Dept. of Correction, 558 F.3d 92, 97 (1st Cir. 2009) (quoting Kentucky v. Graham, 473 U.S. 159, 167 n. 14, 105 S.Ct. 3099 (1985)); Cavitt v. MDOC, CV 19-12479-NMG, 2020 WL 8970663, at *1 (D. Mass. Mar.

2

12, 2020).  Furthermore, "[a]bsent an explicit waiver from the state, the Eleventh Amendment bars official capacity suits against state actors in federal court unless the suit seeks prospective injunctive relief." Caisse v. DuBois, 346 F.3d 213, 218 (1st Cir. 2003).  They are also not "persons" within the meaning of § 1983 for monetary damages.  See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989).  To the extent that Benner seeks monetary damages against state officials acting in their official capacity pursuant to 28 U.S.C. §1983, such claims fail to state a claim upon which relief can be granted and are dismissed.  This ruling does **not** affect individual claims for mnonetary damages or official capacity claims prospective injunctive relief.

Third, Benner's request for retroactive good time credits due to his disability is not permissible in a civil action, but rather sounds in habeas corpus.  While a damages claim and prospective injunctive relief claims for denial of access to prisoner programs are not necessarily barred under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132, see Yeskey v. Com. of Pa. Dep't of Corr., 118 F.3d 168, 174 (3d Cir. 1997), aff'd sub nom. Pennsylvania Dep't of Corr. v. Yeskey, 524 U.S. 206, 118 S. Ct. 1952, 141 L. Ed. 2d 215 (1998), one remedy sought here for that purported violation -- retroactive good time credit -- is unavailable in a civil action.  Rather, such

claims must be brought, if at all, pursuant to a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Kogut v. Ashe, 592 F. Supp. 2d 204, 208 (D. Mass. 2008) (Ponsor, J.) ("[W]hile an inmate may have no right under the Constitution to credit for good-time, he may not under Title II of the ADA be barred, based on discrimination arising from his disability, from work programs that may have the effect of reducing his sentence.  Such discrimination may form the basis for habeas relief.");  Wolf v. Diaz, No. 220CV0206KJMDBP, 2020 WL 8474503, at *1 (E.D. Cal. Sept. 24, 2020) ("While success on an ADA claim does not necessarily imply the invalidity of a prisoner's confinement and thus need not be brought in habeas, . . . there can be no doubt here that plaintiff's proposed request for a retroactive award of good time credits would entitle him to a speeder release.  It would therefore need to be brought in a petition for writ of habeas corpus.").  Only to the extent that the claims seeks retroactive good time credits, such a claim is dismissed without prejudice.  Wolf, 2020 WL 8474503, at *1 ("Where, however, the intent to bring a habeas petition is not clear, the district court should not convert the complaint. . . . Rather, such claims must be dismissed without prejudice and the complaint should proceed on any remaining cognizable claims.");  Moran v. Dep't of Corr. Massachusetts, No. CV 20-12195-FDS, 2020 WL 7386312, at *1 (D. Mass. Dec. 16, 2020) ("[A]

prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement. He must seek federal habeas corpus relief (or appropriate state relief) instead.") (quoting Wilkinson v. Dotson, 544 U.S. 74, 78 (2005)).

The Court also observes that it is unclear that Benner has complied with the exhaustion requirements of 28 U.S.C. § 2254 with respect to a potential habeas claim.  See Moran, No. CV 20-12195-FDS, 2020 WL 7386312, at *1

Accordingly, with the dismissal of the above claims and parties as set forth above, as to the remaining claims and above-captioned parties the Clerk is directed to issue summonses as to all defendants captioned above.  The Clerk shall send the summonses, amended complaint, and this Order to the Benner, who must thereafter serve the defendants in accordance with Federal Rule of Civil Procedure 4(m).  Because the filing fee has been paid, Benner is required to arrange for service of the summons and amended complaint pursuant to Rule 4 of the Federal Rules of Civil Procedure.  Pursuant to Rule 4(d) of the Federal Rules of Civil Procedure, plaintiffs may choose an alternative to serving certain defendants with the summonses and amended complaint by offering the defendants the option to waive service of the summons.  See Fed. R. Civ. P. 4(d).  The Clerk shall provide Benner with six copies of the following forms: (1) Notice of

Lawsuit and Request to Waive Service of Summons (form AO 398) and (2) Waiver of the Service of Summons (form AO 399). Because Benner is not proceeding in forma pauperis, the United States Marshals Service will not be ordered to effect service of process and advance the costs of service. Notwithstanding Fed. R. Civ. P. 4(m) and Local Rule 4.1, Benner shall have 90 days from the date of this Order to complete service.

**So Ordered.**

/s/ Williamg G. Young
WILLIAM G. YOUNG
United States District Judge